726 A.2d 1013 (1998)
320 N.J. Super. 150
Steve and Mary Ann WINTERS, h/w and Carol and William Long, h/w and James and Lisa Gamble, h/w and Richard and Donna Vant Long, h/w and Pat Walsh and Bart Johnson h/w and William and Elaine Maffucci, h/w and Joanne and Sean Leonard,h/w and Sal and Linda Barabuscio,h/w and Frank and Denise Padavano, h/w, Plaintiffs,
v.
TOWNSHIP OF VOORHEES and Planning Board of Township of Voorhees, Defendants.
Superior Court of New Jersey, Law Division, Camden County
Decided November 13, 1998.
*1014 M. James Maley, Jr., Cherry Hill, for plaintiffs (Maley, Williamson, Hayden and Gmerek).
Richard M. Hluchan, Voorhees, for defendant Twp. of Voorhees (Levine & Hluchan P.C.).
Carl Viniar, Woodbury, for defendant Planning Board of Township of Voorhees (Angelini, Viniar & Freedman).
ORLANDO, A.J.S.C.

SUMMARY
The Township of Voorhees (Township) designated an undeveloped 18.1 tract of municipal owned land as an area in need of redevelopment pursuant to N.J.S.A. 40A:12A-1 to -63 to entice a developer to build a state of the art ice skating facility on the site. The Philadelphia Flyers and Philadelphia Phantoms, professional ice hockey teams, would use the facility as a training center. Residents challenged the redevelopment declaration. The Township asserts that municipal ownership of the tract is all that is required to declare the site an area in need of redevelopment. I disagree. Principles of statutory construction and the legislative findings underpinning the Local Redevelopment and Housing Law (LRHL) require, in addition to municipal ownership, substantial evidence that the tract is not likely to be developed through the instrumentality of private capital in order to designate a site a redevelopment area. N.J.S.A. 40A:12A-5(c).

DISCUSSION
The Township owns an 18.1 acre unimproved tract of land located on Laurel Oak Road and designated as Block 17201, Lot 3 on the official tax map of the Township. The Camden County Improvement Authority (CCIA), a body corporate and politic of the State of New Jersey, and Scarborough Properties, a developer, approached the Township about acquiring this site. The CCIA offered to purchase the tract for one million dollars. CCIA would then lease the site to the developer. The developer would thereafter erect a state of the art ice skating facility on the tract which would be used as a training center by the Philadelphia Flyers and the Philadelphia Phantoms. In addition, the developer proposed to erect a restaurant, medical facilities and retail offices on the site. The CCIA and the developer encouraged the town to explore designating the subject site as an area in need of redevelopment pursuant to N.J.S.A. 40A:12A-1 to -63. Such a designation would enable the developer to obtain favorable financing for the acquisition of the property and be eligible for certain long term tax abatement programs.
On March 23, 1998, the Township Committee passed a resolution requesting that the Voorhees Township Planning Board (Planning Board) investigate and determine *1015 whether the property qualifies as a redevelopment area. On June 10, 1998, the Planning Board conducted a hearing to determine whether to recommend that the tract be declared an area in need of redevelopment. Lawrence M. Vecchio, Esq., counsel to the CCIA, prepared a written opinion asserting that municipal ownership of the property is all that is required under N.J.S.A. 40A:12A-5(c) to declare the subject site as an area in need of redevelopment. Before the public hearing, this written opinion was given to the Planning Board members. During the public hearing, the Planning Board solicitor and the Planning Board engineer advised the Board members that they concurred with Mr. Vecchio's conclusion. The Board solicitor and Board engineer repeatedly told the members that municipal ownership of the site was sufficient to declare the tract as an area in need of redevelopment. The Planning Board voted to recommend that the governing body designate the site as a redevelopment area based primarily upon the legal opinions of Mr. Vecchio, the Board solicitor and the Board engineer. On June 22, 1998, the governing body adopted a resolution designating the tract as an area in need of redevelopment. The adopting resolution referred specifically to the legal opinion of Mr. Vecchio as a basis for its decision. Residents of the Township who live in close proximity to the site filed the instant lawsuit contesting the redevelopment designation and the preliminary and final site plan approvals which were subsequently issued to the developer.
This action in lieu of prerogative writs requires the court to interpret N.J.S.A. 40A:12A-5(c).[1] The interpretation of a statute is a legal matter in which an administrative agency has no particular skill superior to a court. Jantausch v. Borough of Verona, 41 N.J.Super. 89, 96, 124 A.2d 14 (Law Div. 1956), aff'd. 24 N.J. 326, 131 A.2d 881 (1957). Therefore, this court will conduct a de novo review of the statute. Grancagnola v. Planning Board of the Township of Verona, 221 N.J.Super. 71, 75 n. 5, 533 A.2d 982 (App.Div.1987).
LRHL authorizes the governing body of a municipality to declare a delineated area to be in need of redevelopment. N.J.S.A. 40A:12A-5. The governing body begins this process by authorizing the local planning board to investigate preliminarily whether a proposed area is a redevelopment area. N.J.S.A. 40A:12A-6. The planning board conducts a public hearing. The planning board then recommends that the governing body declare or not declare the delineated area to be a redevelopment area. N.J.S.A. 40A:12A-6(b)(5). The municipal governing body may then adopt a resolution designating the site to be a redevelopment area if supported by substantial evidence. Id. The standards for determining whether an area may be designated to be in need of redevelopment are set forth in N.J.S.A. 40A:12A-5.
This Court must interpret N.J.S.A. 40A:12A-5 which reads as follows:
A delineated area may be determined to be in need of redevelopment if, after investigation, notice and hearing as provided in section 6 of P.L.1992, C., 79 (C.40A:12-6), the governing body of the municipality by resolution concludes that within the delineated area any of the following conditions is found:

* * * * * *
c. Land that is owned by the municipality, the county, a local housing authority, redevelopment agency or redevelopment entity, or unimproved vacant land that has remained so for a period of ten years prior to the adoption of the resolution, and that by reason of its location, remoteness, lack of means of access to developed sections or portions of the municipality, or topography, or nature of the soil, is not likely to be developed through the instrumentality of private capital.
The Legislature revised this statute in 1992, when it enacted the LRHL. Before the enactment of LRHL, the statute in question was part of the Blighted Area Act. N.J.S.A. *1016 40:55-21.1. Before being revised the statute read as follows:
As used in this act, the term `blighted area' shall mean an area in any municipality wherein there exist any of the conditions hereinafter enumerated:

* * * * * *
(c) Unimproved vacant land, which has remained so for a period of ten years prior to the determination hereinafter referred to, and which land by reason of its location, or remoteness from developed sections or portions of such municipality, or lack of means of access to such other parts thereof, or topography, or nature of the soil, is not likely to be developed through the instrumentality of private capital.

[N.J.S.A. 40:55-21.1(c) (repealed).]
The Township argues the revision of the statute in 1992 created two distinct categories of land eligible to be designated as areas in need of redevelopment. One category would be land that is owned by public entities. The second category is unimproved vacant land that is not likely to be developed by means of private capital. The Township concludes that ownership of the tract by the Township is all that is needed in order for the municipality to declare the site a redevelopment area. The Township asserts that the qualifying language, "and that by reason of its location, remoteness, lack of means of access to developed sections or portions of the municipality, or topography, or nature of the soil, is not likely to be developed through the instrumentality of private capital" does not qualify "Land that is owned by the municipality". N.J.S.A. 40A:12A-5(c).
The Township's interpretation does not comport with accepted rules of statutory construction. It is a rule of grammatical construction that separation of a qualifying phrase from antecedents by a comma evidences an intent that the phrase apply to all antecedents instead of solely to the immediately preceding one. In re Dep't. Of Community Affairs Order of March 15, 1988 Regarding Burlington Cty. Recycling Facility, 232 N.J.Super. 136, 141, 556 A.2d 807 (App.Div.1989). In N.J.S.A. 40A:12A-5(c), a comma precedes the phrase "and that by reason of its location, remoteness, lack of means of access to developed sections or portions of the municipality, or topography, or nature of the soil, is not likely to be developed through the instrumentality of private capital." Therefore, this phrase applies to all antecedents in the statute including the phrase "Land that is owned by the municipality." N.J.S.A. 40A:12A-5(c). The statutory language mandates that in order to designate land owned by a municipality to be an area in need of redevelopment, there must be a finding that the tract, by reason of location, remoteness, lack of means of access to developed sections or portions of the municipality or topography or nature of its soil, is not likely to be developed through the instrumentality of private capital. Ownership of the tract by the municipality is not, standing alone, sufficient to support a redevelopment designation.
This conclusion is buttressed by Judge Pressler's comparison of the repealed N.J.S.A. 40:55-22.1 with N.J.S.A. 40A:12A-5 in Forbes v. Board of Trustees of the Township of South Orange, 312 N.J.Super. 519, 526-27, 712 A.2d 255, (App.Div.1998). Judge Pressler concludes that the differences between repealed N.J.S.A. 40:55-2.1 and the definitional provisions of LRHL (N.J.S.A. 40A:12A-5) are cosmetic. Id. at 526, 712 A.2d 255. She states that the only change made by paragraph (c) was the addition of public lands. Id. I conclude from Judge Pressler's comments that the addition of public lands in N.J.S.A. 40A:12A-5(c) added a new category of lands which would still have to meet the requirement that the lands are not likely to be developed by private effort before a redevelopment designation could occur.
The legislative findings which led to the enactment of the LRHL support this determination. The Legislature declared in N.J.S.A. 40A:12A-2 as follows:
The Legislature hereby finds, determines and declares:
a. There exist, have existed and persist in various communities of this State conditions of deterioration in housing, commercial and industrial installations, public services and facilities and other physical *1017 components and supports of community life, and improper, or lack of proper, development which result from forces which are amenable to correction and amelioration by concerted effort of responsible public bodies, and without this public effort are not likely to be corrected or ameliorated by private effort.
The legislature enacted the LRHL to provide local governments with a mechanism to promote the physical development of lands that are not likely to be improved by private effort. Thus, interpreting N.J.S.A. 40A:12A-5(c) to require public ownership of land, plus substantial evidence that the land is not likely to be developed through the instrumentality of private capital, comports with the articulated legislative declaration of the underlying purpose for the enactment of the LRHL.
I conclude that there must be a finding of public ownership of land, plus a determination that there is substantial evidence that the land is not likely to be developed through the instrumentality of private capital, in order to declare a site a redevelopment area under N.J.S.A. 40A:12A-5(c). I reach this conclusion based on principles of statutory construction, along with the legislative intent as expressed in the statute itself. The Legislature did not want municipal governing bodies declaring tracts to be in need of redevelopment without there being a demonstration that it is unlikely that the property would be developed by private effort. This qualification permits the vast majority of land to be developed through the operation of the marketplace. Government action occurs only after a demonstration that private action is not likely to occur. This balance preserves private enterprise, while giving governments a tool to address problems which private enterprise is not likely to remedy.
NOTES
[1] The defendants offered alternative bases to justify the redevelopment designation. In addition, the plaintiffs attacked preliminary and final site plan approval. All issues were resolved by an oral opinion on November 13, 1998. This written opinion supplements the oral decision regarding the interpretation of N.J.S.A. 40A:12A-5(c).